IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL WOOD, *et al.*,            ) | |
| )                                 | |
|    Petitioners/Applicants,    ) | |
| )                                 | |
| v.                               ) | MISC. ACTION 08-0003-WS-M |
| )                                 | |
| B.C. DANIELS, INC.,              ) | |
| )                                 | |
|    Respondent/Defendant.      ) | |

**ORDER**

This matter comes before the Court on petitioners' Motion to Vacate Order of Arbitrator (doc. 1) and respondent's Motion for Sanctions (doc. 8). Both Motions are ripe for disposition at this time.[1]

**I.     Background.**

This action originates from arbitration proceedings conducted between petitioners Paul and Laura Wood and respondent B.C. Daniels, Inc. before the American Arbitration Association's Construction Arbitration Tribunal. The underlying dispute concerns the Woods' purchase of a residence in Mobile, Alabama from B.C. Daniels in May 2005. The Woods contended, among other things, that the contract of sale should be rescinded because B.C. Daniels failed to disclose information concerning the property's propensity to flood.[2] An

---

[1] Also pending is respondent's Motion for Leave to File Sur-Reply (doc. 10). Although the filing of sur-replies is discouraged because of the inefficiencies inherent in an interminable thrust-and-parry debate between the parties, the Court agrees that respondent's submission is appropriate under the particular circumstances of this case. Accordingly, the Motion for Leave to File Sur-Reply is **granted**, and the proposed Sur Reply appended to that Motion as Exhibit 1 will be considered in ruling on the Motion to Vacate.

[2] B.C. Daniels asserted various defenses, including the Woods' acceptance of a limited warranty (which expressly excluded damage from flooding) in lieu of other warranties, the Woods' actual knowledge (through subdivision covenants, the downhill location of the property, and the drainage swale in the backyard) of the risk that their property could flood, and the lack of any damage to the property or depreciation in its value.

arbitration hearing was held on August 14 and 15, 2007 before Arbitrator James P. Green.  On September 12, 2007, the arbitrator issued a three-page Award of Arbitrator (doc. 1, Exh. A), wherein he found for B.C. Daniels and against the Woods.  In so concluding, the arbitrator reasoned, *inter alia*, as follows: (a) the Woods knowingly and voluntarily waived their right to seek contract or tort damages in exchange for a limited warranty from B.C. Daniels; (b) the merger or integration clause rendered it unreasonable for the Woods to rely on prior statements or negotiations concerning the property; and (c) there is no evidence that the Woods suffered damages as a result of the sales transaction, given that the appraised value of the residence is substantially higher than the purchase price and there has been no material flood damage to the property.

On March 18, 2008, fully six months after the Award of Arbitrator was entered, the Woods filed their petition in this District Court seeking to vacate that award pursuant to 9 U.S.C. §§ 9-10.  According to the Woods, the Award must be set aside because it reflects "manifest disregard of the law relative to fraud in the inducement as a basis for rescinding the entire real estate transaction" (Doc. 1, ¶ 5) and further "shows that the rescission claim of the Woods was disregarded in its entirety" (*id.*, ¶ 7).  B.C. Daniels opposes the Woods' Motion to Vacate, and further requests that this Court sanction the Woods for filing a petition that is not reasonably grounded in fact or law.

**II.     Analysis.**

   *A.     The Motion to Vacate is Untimely.*

B.C. Daniels' objection to the Woods' Motion to Vacate centers on its timeliness, or the lack thereof.  Under the Federal Arbitration Act, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  The law is exceedingly clear that "[a] party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award."  *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007) (citation omitted); *see also McKinney Restoration Co. v. Illinois Dist. Council No. 1 of Int'l Union of Bricklayers and Allied Craftworkers*, 392 F.3d 867, 869 (7th Cir. 2004) (describing as "well-settled law" the principle that failure to challenge arbitration award within 90-day limitations period renders award final); *Wallace v.*

*Buttar*, 378 F.3d 182 (2nd Cir. 2004) ("a party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run") (citation omitted); *T. McGann Plumbing, Inc. v. Chicago Journeymen Plumbers' Local 130, U.A.*, 522 F. Supp.2d 1009, 1014 (N.D. Ill. 2007) ("a party is barred from challenging an arbitration award if he does not do so within the applicable statute of limitations period"); *Kruse v. Sands Brothers & Co.*, 226 F. Supp.2d 484, 486 (S.D.N.Y. 2002) (explaining that there is no exception to the FAA's three-month limitation period, and that there is good reason for so limiting challenges to arbitration awards).[3] The Woods' petition to vacate was filed more than six months after entry of the Award; therefore, it is noncompliant on its face with the FAA limitations period.

Against this daunting precedential backdrop, the Woods do not maintain that their Motion to Vacate is actually timely. They do not assert that they complied with the three-month deadline. They point to no exception or basis for tolling that might resuscitate their untimely submission. To be sure, the Woods correctly point out that the three-month limitations period prescribed by 9 U.S.C. § 12 is not jurisdictional and can be waived. *See, e.g., Foster v. Turley*, 808 F.2d 38, (10th Cir. 1986) (opining that FAA three-month requirement is "in the nature of a statute of limitations, which is subject to waiver"); *Bull HN Information Systems, Inc. v. Hutson*, 229 F.3d 321, 330 (1st Cir. 2000) (suggesting that FAA filing period is a limitations period that is subject to equitable principles such as waiver, estoppel and equitable tolling). But there has been no waiver here. To the contrary, in its Opposition to Motion to Vacate, B.C. Daniels prominently and unequivocally raised the FAA limitations period as a basis for opposing the Woods' motion. (*See* doc. 4, ¶¶ 4-5, 15-18.) Accordingly, petitioners cannot circumvent the effects of 9 U.S.C. § 12 by invoking the doctrine of waiver.[4]

---

[3] Sound policy justifications animate this restriction on attempts to vacate arbitration awards. As one appellate court explained, "parties choose to arbitrate because they want quick and final resolution of their disputes. The role of arbitration as a mechanism for speedy dispute resolution disfavors delayed challenges to the validity of an award. ... When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted ...." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 177 (2nd Cir. 1984).

[4] The Woods' suggestion that waiver may attach because B.C. Daniels "failed to assert the provisions of 9 U.S.C.A. § 12 until such time as directed by this Court to address the

It is no answer to assert, as petitioners do, that B.C. Daniels is culpable in some way for failing to initiate proceedings to confirm the arbitration award.  To be sure, the FAA provides that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award."  9 U.S.C. § 9.  But nothing in the FAA makes this confirmation process mandatory.  Stated differently, the federal statutory scheme does not compel B.C. Daniels to take any affirmative action to validate the Award, nor would it penalize B.C. Daniels for failing to do so.  To the extent, then, that the Woods would evade their obligation to move to vacate the Award within the prescribed three-month period by blaming respondent for failing to seek confirmation of the Award within that span, such an argument is devoid of merit.  *See generally Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2nd Cir. 1984) (observing that an arbitration award "need not actually be confirmed by a court to be valid" and that "in the majority of cases the parties to an arbitration do not obtain court confirmation"); *Bisnoff v. King*, 154 F. Supp.2d 630, 640 (S.D.N.Y. 2001) (recognizing that confirmation of arbitration award is unnecessary to validate it, but merely makes what is already a final arbitration award a judgment of the court); *In re Consolidated Rail Corp.*, 867 F. Supp. 25, 32 (D.D.C. 1994) (indicating that "confirmation under § 9 is not mandatory").  The fact that B.C. Daniels has failed to file a petition for judicial confirmation of the Award under § 9 in no way relieves petitioners of their obligation to file a timely motion to vacate under § 12, and cannot

---

timeliness of the motion filed under 9 U.S.C.A. § 12" (Doc. 9, ¶ 8) is misguided.  To the extent that the Woods are contending that B.C. Daniels should have raised the FAA limitations period prior to filing its Opposition to Motion to Vacate (doc. 4), it is unclear when the Woods would have had B.C. Daniels interpose that argument.  After all, respondent's Opposition was its first filing in these proceedings, and the limitations argument was explicitly raised therein.  Moreover, to the extent that the Woods imply that this Court instructed B.C. Daniels to raise a timeliness objection, that statement is simply incorrect.  The Order (doc. 2) of March 21, 2008 setting forth a briefing schedule on the Motion to Vacate included the following statement: "In addition to discussing the merits, such response [by B.C. Daniels] ***may address whether this Motion is timely filed within the parameters of 9 U.S.C. § 12.***"  (Doc. 2, at 1 (emphasis added).)  Thus, far from directing B.C. Daniels to address timeliness, as petitioners insinuate, the March 21 Order merely authorized it to do so.  No basis for a finding of waiver appears in this sequence of events.

excuse their failure to do so.

For all of the foregoing reasons, the Court finds that the Motion to Vacate Order of Arbitrator (doc. 1) is due to be, and the same hereby is, **denied** for failure to comply with the three-month limitations period provided by § 12 of the FAA.

### B.      *Imposition of Sanctions is Unwarranted.*

In addition to opposing the Motion to Vacate, B.C. Daniels has filed a Motion for Sanctions (doc. 8), pursuant to Rule 11(c), Fed.R.Civ.P.

Circuit law is clear that a district court has discretion to award Rule 11 sanctions under the following circumstances: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citations omitted). "The goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (citation omitted).

Respondent's position is that all three circumstances justifying Rule 11 sanctions are present here. The Court disagrees. With regard to reasonable factual basis, respondent protests that "there is absolutely no evidence to support the Woods factual allegation that Arbitrator Green failed to consider the Woods argument of fraudulent inducement." (Doc. 8, ¶ 21.) Upon careful review of the Award, however, the Court cannot say that petitioners' position was unreasonable. The Award nowhere specifically mentions the Woods' fraudulent inducement argument or rescission claim, much less the impact (if any) of their fraudulent inducement theory on the enforceability of the contract's merger clause under Alabama law.[5] B.C. Daniels may

---

[5] Without offering any opinion as to the validity of petitioners' position, the Court notes that the Woods' suggestion that the alleged fraudulent inducement undermines the enforceability of the merger clause in the agreement is not entirely bereft of support in published opinions from Alabama courts. *See, e.g., Environmental Systems, Inc. v. Rexham Corp.*, 624 So.2d 1379, 1383 (Ala. 1993) (explaining that integration clause is not applicable to exclude evidence of fraud in the inducement or procurement of a contract, and that this rule is well established, even though written terms of contract may persuasively rebut evidence as to a particular element of a fraud claim).

well be correct that Arbitrator Green considered and rejected petitioners' fraudulent inducement theory based on evidence submitted at the hearing concerning actual notice to petitioners of the risk of flooding, such that there was no fraud.  But the Award does not expressly say that.  It was not sanctionable for the Woods to infer from the Award's silence on this point that this crucial argument simply had been disregarded by the arbitrator.  With regard to reasonableness of the legal theory, B.C. Daniels points to the time-barred nature of the motion to vacate under § 12.  As stated, however, the three-month limitations period is subject to waiver.  Had B.C. Daniels neglected to object on that basis, petitioners' motion to vacate could have been heard and decided on the merits, notwithstanding its untimeliness.  In the undersigned's experience, limitations periods are waived with some frequency by defendants in federal court.  Therefore, it was neither unreasonable nor sanction-worthy for the Woods to take a chance that B.C. Daniels might not invoke the § 12 limitations period.  The mere fact that this gamble proved unsuccessful is not a proper basis for imposing Rule 11 sanctions on the Woods or their counsel.  And finally, contrary to respondent's conclusory accusation, the Court perceives absolutely no record basis for concluding that the Woods filed their Motion to Vacate in bad faith for the purpose of harassing B.C. Daniels and driving up its litigation costs.

     The Motion for Sanctions is **denied**.

**III.   Conclusion.**

     For all of the foregoing reasons, petitioners' Motion to Vacate Order of Arbitrator (doc. 1) and respondent's Motion for Sanctions (doc. 8) are both **denied**.  These rulings being dispositive of this matter in its entirety, the Clerk's Office is directed to close this file for administrative and statistical purposes.

     DONE and ORDERED this 21st day of May, 2008.

                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE